IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BARBARA ROBERTSHAW :  CIVIL ACTION
           :  NO.  11-7353
   v.       :
           :
GARY PUDLES, et al.    :

## ORDER

AND NOW this 5th day of August, 2013, following a bench trial and upon consideration of the parties' post-trial briefs (Dkt. Nos. 164, 165, 166 and 167) and oral argument, and consistent with the accompanying findings of fact and conclusions of law, it is ORDERED that:

1) JUDGMENT is entered in favor of plaintiff Barbara Robertshaw and against defendant Gary Pudles and Answernet with respect to Robertshaws request for declaratory relief (identified as "Count VI" in the Amended Complaint but really the seventh claim in the Amended Complaint) and I issue the following declarations:

 a. the November 28, 2011 Special Meeting of the Shareholders of Answernet, Inc., and all votes taken at that meeting are void;

 b. the December 15, 2011 Annual Meeting of the Shareholders of Answernet, Inc., and all votes taken at that meeting are void;

 c. Cerida Investment Corp. does not possess the 12,704 shares of Answernet, Inc., that Gary Pudles and Betty Babjak claimed Cerida received as a result of an alleged assignment and exercise of the Waterside warrants;

 d. Cerida Investment Corp. does not possess the 18,148.02 shares of Answernet, Inc., that Gary Pudles and Betty Babjak claimed Cerida received as a result of an alleged assignment and exercise of the Progress Capital warrants;

    e.   Cerida Investment Corp. does not possess the 27,493.3 shares of Answernet, Inc., that Gary Pudles and Betty Babjak claimed Cerida received as a result of an alleged assignment and exercise of the BF/PC warrants;

    f.   Gary Pudles does not possess the 3,959.3 shares of Answernet, Inc., that Gary Pudles and Betty Babjak claimed Pudles received as a result of an alleged assignment and exercise of the Michael Pudles warrants;

    g.   the total of shares of Answernet, Inc., held by Barbara Robertshaw and Executel, Inc., constitute a majority of the issued and outstanding shares of the company;

    h.   Barbara Robertshaw and Executel, Inc., may at any time call a Special Meeting of the Shareholders in order to elect new corporate officers and to take all other actions permitted by law and the By-Laws.

2)   JUDGMENT is entered in favor of defendant Gary Pudles and against plaintiff Barbara Robertshaw with respect to the breach of contract claim (identified as "Count I" in the Amended Complaint).

3)   JUDGMENT is entered in favor of defendant Gary Pudles and against plaintiff Barbara Robertshaw with respect to the common law fraud claim (identified as "Count IV" in the Amended Complaint) and the breach of fiduciary duty claim (identified as "Count II" in the Amended Complaint).

4)   JUDGMENT is entered in favor of defendant Betty Babjak and against plaintiff Barbara Robertshaw with respect to the common law fraud claim (also identified as "Count IV" in the Amended Complaint but really the fifth claim) and the breach of fiduciary duty claim (identified as "Count III" in the Amended Complaint).

5) JUDGMENT is entered in favor of defendant Answernet and against plaintiff Barbara Robertshaw with respect to the shareholder derivative claim (identified as "Count V" in the Amended Complaint but really the eighth claim) and the claim asserting a violation for the DGCL § 219 (also identified as "Count IV" in the Amended Complaint but really the ninth claim).

6) JUDGMENT is entered in favor of plaintiff Barbara Robertshaw and against defendant Gary Pudles with respect to Pudles's abuse of process counterclaim.

It is FURTHER ORDERED that Defendants' motions in limine to exclude certain evidence (Dkt. Nos. 131, 133) are DENIED as moot.

It is FURTHER ORDERED that Plaintiff's exhibit objections (Dkt. No. 158) are

1) to the extent that they raise objections to exhibits that were not introduced during the trial are GRANTED;

2) to the extent that they raise objections of exhibit authenticity as to DX78-82 are DENIED as untimely;

3) to the extent that Plaintiff objects to the authenticity of DX88, that exhibit was authenticated at trial by Barbara Robertshaw,  see Trial Tr. April 23, 2013 90:3-13 (Robertshaw), and so that request is DENIED.

It is FURTHER ORDERED that the Clerk of Court is directed to close this case statistically.


   __/s/ Thomas N. O'Neill_____
   THOMAS N. O'NEILL, JR., J.