IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA ROBERTSHAW | : | CIVIL ACTION |
| | : | NO. 11-7353 |
| v. | : | |
| | : | |
| GARY PUDLES, et al. | : | |

O'NEILL, J.                                                                                          May 15, 2014

## **MEMORANDUM**

Now before me are an emergency motion for a stay pending appeal by defendants Answernet, Inc. and Gary Pudles (Dkt. No. 221) and non-party Cerida Investment Corporation's emergency motion for a stay pending appeal (Dkt. No. 224). For the reasons that follow, I will grant the motions.

As the parties are familiar with the background of this case, I will recount only the essential facts necessary for resolution of the motions for a stay. On May 6, 2014, I denied defendants' motion for a new trial, a motion in which defendants sought to challenge my August 5, 2013 finding that "the total shares of Answernet, Inc. held by Barbara Robertshaw and Executel, Inc., constitute a majority of the issued and outstanding shares of [Answernet] . . . ." Dkt. No. 176 at ECF p. 2; see also Dkt. Nos. 215 and 216. Also on May 6, I denied Cerida's motion to intervene in this matter. Dkt. Nos. 217 and 218. On May 7, defendants and Cerida filed notices of their intent to appeal certain of my prior decisions in this matter. Dkt. Nos. 219 and 220. Later on May 7, defendants filed their motion for a stay. Cerida filed its motion seeking a stay on May 8.

Before defendants and Cerida filed their notices of appeal or their motions to stay,

plaintiff Robertshaw[1] and her father, William Robertshaw, as president of Executel, "being stockholders of Answernet, Inc., . . . holding a majority of the voting power entitled to vote on the removal, without cause, of directors," adopted the following resolution: "that Gary Pudles, Stephen Pudles, Barbara Robertshaw and William Robertshaw and all other persons who may be directors of the Corporation, are hereby removed, without cause, as directors of the Corporation." Dkt. No. 221 at ECF p. 8. Thereafter, Robertshaw and Executel adopted a further resolution "that the number of directors of the Corporation shall be two" and further, that Robertshaw and William Robertshaw were "elected and appointed as the directors of the Corporation." Dkt. No. 221 at ECF p. 13. Then, in a unanimous written consent of the Answernet board of directors, the Robertshaws removed Betty Babjak as Answernet's secretary and appointed William Robertshaw. The Robertshaws also resolved:

> to add a new Article SEVENTH to the Second Restated Certificate of Incorporation of the Corporation . . . as follows . . . : 'In furtherance and not in limitation of the powers conferred by statute, the Board of Directors of the Corporation is expressly authorized to make, alter, amend or repeal the Corporation's By-laws.

Def.'s Hearing Exs. at Ex. C p. 1.

On May 8, 2014, after a telephonic hearing on the motions for a stay, styled as emergency motions, plaintiff was ordered to "take no further actions that are permitted by the Orders issued by the Honorable Thomas N. O'Neill, Jr., dated August 5, 2014 (Dkt. No. 176) and May 6, 2014 (Dkt No. 216)."[2] Dkt. No. 226. At oral argument on the motions on May 12, I continued the temporary stay entered on May 8. Neither defendants nor Cerida have asked me to

---

[1] Unless otherwise noted, references to Robertshaw refer to Barbara Robertshaw. References to her father, William (Bill) Robertshaw, will note his first name. References to Pudles refer to Gary Pudles. His brother, Stephen Pudles, is referred to by his full name.

[2] As I was out of town, this order was issued by one of my colleagues.

undo the actions taken by the Robertshaws subsequent to the entry of the May 6 Orders.  To date, Pudles remains in place as the president of Answernet.

Upon consideration of the pending motions, I find that the equities weigh in favor of continuing the stay now in place in order to maintain the status quo pending appeal of the declaratory judgment finding that plaintiff has majority control of Answernet.  "[T]ribunals may properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained."  Wash. Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844-45 (D.C. Cir. 1977).  If an appeal is taken from a judgment granting injunctive relief, whether to grant a stay is within the Court's discretion.  See Fed. R. Civ. P. 62(c).  If an appeal is taken from a monetary judgment, "the appellant may obtain a stay by supersedeas bond."  Fed. R. Civ. P. 62(d).  "Because a declaratory judgment does not fit neatly into either category, the Court must look beyond the judgment to its practical effect.  A declaratory judgment that merely adjudicates rights . . . falls within the Court's discretionary power to stay pending appeal."  Peacock v. Merrill, No. 05-00377-KD-C, 2010 WL 2231896, at *1 (S.D. Ala. June 2, 2010).

On the one hand, if I do not stay the judgment pending appeal, there would be no reason why Robertshaw would not be permitted to exercise majority control over Answernet in accordance with the declaratory judgment.  Indeed, in view of plaintiff's immediate undertakings to exert control over Answernet, if I do not stay the matter Pudles will likely lose his position as president of the Company.  His removal could trigger an event of default with respect to a $7,000,000 term loan issued by Firsttrust Bank to Answernet and its Signius subsidiaries, rendering any amount owed on the loan immediately due and payable.  See Def.'s Hearing Exs. at Ex. D p. 7.  The loan terms provide that Answernet and its subsidiary co-borrowers:

> will not make or permit any material change in the nature of its business as carried on as of the date of this Letter Agreement or cause, suffer or permit any reduction in the ownership interest in the Borrower of Gary Pudles or, other than by reason of the incapacity or disability of Gary Pudles, in the management position and responsibilities of Gary Pudles.

Id. at p. 2.  Also, if I do not stay the judgment, Answernet, under plaintiff's control, could decide to compromise or discontinue other litigation to which Answernet is now a party, decisions with potentially irreversible legal consequences for defendants if the Court of Appeals finds in favor of them on appeal.

On the other hand, if I stay the judgment pending appeal, maintaining the status quo as it now exists, with the Robertshaws as Answernet's sole directors and Pudles as its president, neither Pudles nor Robertshaw will have complete control over Answernet.  As counsel for defendants explained at the May 12 hearing on the motions to stay, "what we have right now is, [the Robertshaws are] in -- they control the board. They have an officer. They have all the financial information. The status quo would protect their ability to control the company but not dismember the company." Dkt. No. 233 at 10:16-20.  Under the status quo, as a director on Answernet's newly re-composed board, plaintiff has access to Answernet's financial records and the ability to exercise oversight over Pudles's operation of the corporation, addressing her concerns regarding Pudles's management of the company, including his alleged use of Answernet funds to finance his personal legal pursuits.  If I enter a stay, Robertshaw will be protected from the possible impact of giving unbridled control over the corporation to Pudles. Any actions Pudles may seek to take as president of Answernet pending appeal will necessarily be tempered by the presence of the Robertshaws as the directors of the corporation. Pudles, Answernet and Cerida will also be protected from any efforts by Robertshaw to dismantle Answernet before the Court of Appeals has an opportunity to consider the merits of my prior

decisions.  Having considered the balance of harms to those involved, I find that they weigh in favor of maintaining the status quo pending appeal:  a compromise position that does not give complete control over Answernet to either Robertshaw or Pudles.

Further, "predicting the likelihood of appellant's success with an appeal is a difficult inquiry for the trial judge, who already has reached the legal [and here,] factual, merits of the controversy and rendered a conclusion unfavorable to the moving part[ies]."  Kawecki Berylco Indus., Inc. v. Fansteel, Inc., 517 F. Supp. 539, 541 (1981).  The issues that I anticipate being raised on appeal are of sufficient substance for me to find in favor of granting a stay.  Cf. Combustion Sys. Servs., Inc. v. Schuylkill Energy Resources, Inc., 153 F.R.D. 73, 74 (E.D. Pa. 1994) ("although the Court will not concede that it committed error, this Court cannot conclude that Plaintiff has no reasonable possibility of success on the merits of its . . . appeals"); Cayuga Indian Nation of N.Y. v. Pataki, 188 F. Supp. 2d 223, 253 (N.D.N.Y. 2002) ("[B]ecause of the difficulties of the issues . . . presented, it would be foolhardy to predict that there is no likelihood of success on appeal.") (internal quotation marks omitted).

An appropriate Order follows.