IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARBARA ROBERTSHAW | : | CIVIL ACTION |
| | : | NO. 11-7353 |
| v. | : | |
| | : | |
| GARY PUDLES, et al. | : | |

O'NEILL, J.                                                                                                                                                                                                      June 6, 2014

## **MEMORANDUM**

Now before me are a motion by defendants Answernet, Inc. and Gary Pudles (Dkt. No. 240) seeking to hold plaintiff Barbara Robertshaw in contempt of court for her alleged failure to comply with the Court's Order of May 15, 2014 (Dkt. No. 236) and plaintiff's response and counter-motion seeking to clarify and revise the May 15 stay Order (Dkt. No. 241). I will deny the motions for the reasons that follow.

First, defendants ask that I hold plaintiff in contempt for having undertaken the following actions: (1) terminating Answernet's outside counsel Maurice Mitts and Mitts Law, LLC from representing Answernet in any matters other than the pending appeal of this action and prohibiting the firm's attorneys from being present at any meeting of Answernet's Board of Directors; (2) stripping Betty Babjak of her authority as general counsel of Answernet and prohibiting her from being present at any meeting of the Board; (3) appointing plaintiff's litigation counsel, F. Emmett Fitzpatrick, as counsel to the Board and directing him to act as recording secretary at meetings of the Board; (4) "mandating immediate *private* meetings with senior executives of AnswerNet to be held with the Robertshaws and their litigation counsel, to the exclusion of Mr. Pudles," Dkt. No. 240 at ECF p. 3 (emphasis in original); and (5) demanding production of Answernet documents and reports "without any coordination with

AnswerNet's president to ensure that these demands could be met without undue adverse impact on the company's day-to-day operations and the involved senior personnel." Id.

Civil contempt is a "severe remedy." Cal. Artificial Stone Paving Co. v. Molitor, 113 U.S. 609, 618 (1885). The Court of Appeals has instructed that "courts should hesitate to adjudge a [party] in contempt when there is ground to doubt the wrongfulness of the conduct." T.C. v. Lane Labs–USA, Inc., 624 F.3d 575, 582 (3d Cir. 2010) (internal quotation marks and citations omitted). "'[A]mbiguities must be resolved in favor of the party charged with contempt.'" Lane Labs–USA, Inc., 624 F.3d at 582, quoting John T. v. Del. Cnty. Intermediate Unit, 318 F.3d 545, 552 (3d Cir. 2003). I do not find that plaintiff's conduct warrants a finding that she acted in contempt of the Court's May 15 Order.

As I explained in my May 15 opinion granting defendants' motion for a stay, "[n]either defendants nor Cerida [ ] asked me to undo the actions taken by the Robertshaws subsequent to the entry of the May 6 Orders." Dkt. No. 235 at ECF p. 3. Accordingly, in deciding defendants' motion for a stay, I left in place the arrangement the parties had created for themselves at the time that defendants sought the stay: "with the Robertshaws as Answernet's sole directors and Pudles as its president," and giving "neither Pudles nor Robertshaw . . . complete control over Answernet." Id. at ECF p 4. Consistent with the terms of the Court's May 15 Order, both the Robertshaws and Pudles may perform tasks allowed by the positions they now hold.

Second, to the extent that plaintiff, in her response to defendants' motion, asks me to revise the stay order to provide "[a] clarification . . . in order to prevent Mr. Pudles from interfering with the Directors' work and to preserve corporate harmony during the period of the stay," Dkt. No. 241 at ECF p. 11, I decline to revise my prior order. As I explained in my May 15 opinion, "[a] declaratory judgment that merely adjudicates rights . . . falls within the Court's

discretionary power to stay pending appeal." Peacock v. Merrill, No. 05-00377-KD-C, 2010 WL 2231896, at *1 (S.D. Ala. June 2, 2010).  But it is not the business of the Court to oversee Answernet's operations pending appeal under the guise of fashioning a decision on a motion for a stay.  This is not the kind of relief envisioned by Rule 62 of the Federal Rules of Civil Procedure.

Finally, in her response and counter-motion, plaintiff asks the Court to "require[ Pudles] to post a bond to assure the faithful performance of his corporate duties and protect against unlawful disposition of corporate assets during the pendency of the Stay Order."  Dkt. No. 241 at ECF p. 11.  She asks for "a bond payable to Answernet, Inc., in the amount of $1,000,000 . . . ." Id. at ECF p. 12.  Plaintiff has not provided me with any authority to support her request for the imposition of a bond.[1]  Even assuming arguendo that such authority exists, "[t]he propriety of any security posted is a discretionary determination made by the court."  Silver v. Mendel, No. 86-7104, 1992 WL 163285, at *1 (E.D. Pa. July 8, 1992).  I find that the considerable bond requested is not warranted.  With plaintiff in place as a director of Answernet pending the outcome of the appeal, I find that her interests are sufficiently "protected from the possible impact of giving unbridled control over the corporation to Pudles," as I stated in my prior opinion.  Dkt. No. 235 at ECF p. 4.

An appropriate Order follows.

---

[1] Rule 62(c), provides that "[w]hile an appeal is pending from a[ ] . . . final judgment that grants, dissolves or denies an injunction, . . . the court may suspend, modify restore or grant an injunction on terms for bond or other terms that secure the opposing party's rights."  Fed. R. Civ. P. 62(c).  The final judgment at issue here, however, involves an award of declaratory, and not injunctive relief.